

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

January 13, 2021

**Via ECF**
The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Zamora v. $49.99 Sewer Man, Inc., et al.**
    **Civil Case No.: 17-cv-7492 (KAM) (CLP)**

Dear Judge Pollak:

We represent the Plaintiff in the above-referenced matter and we respectfully submit this letter motion to request that the Court reopen this Action on account of Defendants' breach of the terms of the parties' Arbitration Agreement, as explained below.

### Background

This action was commenced by the filing of the Collective Action Complaint ("Complaint") by Plaintiff Wilfredo Zamora ("Plaintiff" or "Zamora") on December 26, 2017, against Defendants $49.99 SEWER MAN, INC. and SAYED AHMED, as an individual (collectively, "Defendants"), for damages resulting from the Defendants' willful failure to pay the Plaintiff's overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and for statutory penalties for the Defendants' failure to provide any wage notices of Plaintiff's regular rate of pay and annual wage statements under the NYLL. The Complaint alleges that individual Defendant Sayed Ahmed was Plaintiff's individual employer under the FLSA and NYLL throughout Plaintiffs' employment by the Defendants at the Defendant $49.99 Sewer Man, Inc.  Service of process was successfully effectuated upon all Defendants on December 26, 2017 (Dkt. No. 2).

On May 1, 2018, the parties stipulated to discontinue this action, without prejudice, due to the parties' agreement to enter into mediation/arbitration with the American Arbitration Association ("AAA"). The Honorable Judge Kiyo A. Matsumoto So Ordered the parties' stipulation of dismissal without prejudice on May 3, 2018 (Dkt. No. 13).  In consideration for dismissal of this action without prejudice, pending arbitration, the parties agreed to an unlimited tolling agreement, such that any concern of issues relating to statute of limitations are alleviated.

Following dismissal, David Laconte, a second employee alleging similar claims against Defendants, joined Plaintiff Zamora in filing an arbitration action with the AAA, and their action was assigned AAA Case No. 01-20-003-7172. Defendants were obligated to pay for fees and costs of the parties' arbitration with the AAA. However, Defendants asserted that they can no longer afford to pay any arbitration fees anymore, and as a result of Defendants' non-payment of fees, the parties' arbitration was terminated with the AAA on December 21, 2020.

The Defendants' failure to comply with their arbitration obligations resulting in the dismissal of arbitration proceedings with the AAA has now left Plaintiff(s) without a forum in which to pursue their claims against Defendants for unpaid wages in violation of the FLSA and NYLL. Accordingly, we respectfully request that the Court reopen this Action on account of Defendants' breach of the parties' Arbitration Agreement, restore this case to active status, and schedule a conference with the parties at the Court's earliest convenience to discuss the next steps.

We thank Your Honor for her consideration in this matter and we remain available to provide any additional information.

                                                             Respectfully submitted,

                                                             _____/s/_____
                                                             Roman Avshalumov, Esq.

CC: Counsel of Record (*via ECF*)